IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANICE WEEKS-KATONA, ) | No. C 09-4012 MMC (PR) |
| ) | |
| Plaintiff, ) | **ORDER OF DISMISSAL AND TERMINATING PENDING MOTIONS** |
| ) | |
| v. ) | |
| ) | |
| PAUL COPENHAVER, ) | **(Docket Nos. 7, 8, 9, 10, 18, 19)** |
| ) | |
| Defendant. ) | |
| _____ ) | |

On August 28, 2009, plaintiff, a federal prisoner incarcerated at the Federal Correctional Institution at Dublin ("FCI-Dublin"), California, and proceeding pro, filed the above-titled civil action captioned as "A Civil Proceeding on Admiralty and Maritime Claims." By separate order filed concurrently herewith, plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

A.  Standard of Review

Under 28 U.S.C. § 1915A, a federal court must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer, or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2).

1   A claim is frivolous if it is premised on an indisputably meritless legal theory. See Neitzke v. Williams, 490 U.S. 319, 327 (1989).  Further, the court is accorded the power to "pierce the veil of the complaint's factual allegations" and dismiss as frivolous those claims whose factual contentions are clearly baseless. See Denton v. Hernandez, 504 U.S. 25, 32 (1992). To pierce the veil of the complaint's factual allegations "means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's allegations." Id.  A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. See id. at 32-33.  Examples of factually frivolous claims include those describing fantastic or delusional scenarios. Neitzke, 490 U.S. at 328.

Pro se pleadings, however, must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). Additionally, a complaint may not be dismissed simply because the court finds the plaintiff's allegations unlikely or improbable. Denton, 504 U.S. at 33.

B.   Plaintiff's Claims

Based on the complaint and attachments thereto, plaintiff's allegations, liberally construed, are as follows:  (1) plaintiff is acting as "attorney-in-fact and UCC Secured Creditor" on behalf of her "per stirpes heirs," all of whom reside in the state of Florida (Compl. ¶ 6); (2) in 1989, IRS tax collectors "declared war" on plaintiff and her family, subjecting them to "torture, terror and trauma" (id. ¶ 13); (3) in 1993, plaintiff and her son were "kidnapped to decapitate the trusts which were usurped by IRS qualified contracted tax collectors with assistance of [the] Central Intelligence Agency" (id. ¶ 15); (4) in 1993-1994, plaintiff, her son and husband were libeled by the IRS, "sold into slavery via Star Chamber Court" and taken into custody as "in rem chattel property" (id. ¶ 18); (5) in 2006, plaintiff renounced her United States citizenship to become a registered member of the Pembina Nation, Little Shell Band of North America, and is exempt from federal and state taxes and cannot be civilly or criminally prosecuted (id. ¶¶ 23, 26-28); (6) in 2007, plaintiff's federal

habeas corpus petition "to effect release of the chattel property" was denied (id. ¶ 15); (7) plaintiff recently discovered that "none of the IRS qualified contracted tax collectors had delegation of authority to commence any civil or criminal action against plaintiff and her family, whether for tax assessment, real party in interest, and military officer for seizure of cargo as a prize" (id. ¶ 29); (8) in June 2009, plaintiff accepted a "Bill of Exchange" presented to her by Paul Copenhaver, the warden at FCI-Dublin, to pay plaintiff's claim for a sum of $13,242,000.000, but Copenhaver has failed to accept plaintiff's "presentment" to him and, therefore, he is in default. (id. ¶ 30; Suppl. Compl. ¶ 12.) In addition to the complaint, plaintiff has filed numerous procedural motions.

As noted, plaintiff brings this action as "A Civil Proceeding on Admiralty and Maritime Claims." Plaintiff names as a defendant "Paul Copenhaver, a Real Party in Interest, agent for principal US Treasury Secretary Timothy Geithner." (Compl. at 1.) For relief, plaintiff seeks payment of the amount set forth above and the release of both plaintiff and her son from prison. (Suppl. Compl. 1-5.)

Here, even after applying the standard of liberal interpretation afforded the claims of pro se litigants, the Court finds plaintiff has failed to state a cognizable claim for relief under the Court's admiralty or maritime jurisdiction, see 28 U.S.C. § 1333, or for any other federal cause of action of which the Court is aware.[1] Specifically, plaintiff's claims of injury are subject to dismissal under 28 U.S.C. § 1915A because they are based on a meritless legal theory and the particular allegations made "rise to the level of the irrational or the wholly incredible." See Denton, 504 U.S. at 33. Such dismissal will be with prejudice and without leave to amend, as any amendment to state a claim based on such allegations would be futile.

---

[1] The Court does not construe plaintiff's complaint as a petition for federal habeas corpus relief in view of plaintiff's having previously filed in this court an action attempting to challenge her federal conviction. The action was dismissed on the grounds that plaintiff must bring her claims in the sentencing court, i.e., the Middle District of Florida, by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255. See Weeks-Katona v. Clark, No. C 07-3053 MJJ (PR); (Order, filed Jul. 31, 2007, at 2-3). Recently, the Ninth Circuit denied petitioner's request for a certificate of appealability as well as her motion for reconsideration of that denial. (Id. Docket Nos. 76, 77.)

**United States District Court**
For the Northern District of California

See Janicki Logging Co. v. Mateer, 42 F.3d 561, 566 (9th Cir. 1994) (holding leave to amend need not be granted where amendment constitutes exercise in futility).

## CONCLUSION

For the reasons stated above, the complaint is hereby DISMISSED with prejudice.

This order terminates Docket Nos. 7, 8, 9, 10, 18 and 19.

The Clerk shall close the file.

IT IS SO ORDERED.

DATED: November 19, 2009

_____
MAXINE M. CHESNEY
United States District Judge